Case 1:20-cv-00145-PLM-PJG   ECF No. 1 filed 02/18/20   PageID.1   Page 1 of 5

FILED - KZ
February 18, 2020 1:30 PM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
jlb   Scanned by JB/ 2/18/c

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

1:20-cv-145
Paul L. Maloney
United States District Judge

JEFFREY NICHOLS, an individual,

    Plaintiff,

vs.                          Case No. 1:20-cv-_____

CHRISTOPHER GREENHALGH, individually, and
in his official capacity as a police
officer for the City of Three Rivers
Police Department, MATT BRITTON,
individually, and in his official capacity
as a police officer for the City of Three
Rivers Police Department, and
MATTHEW STARK, and in his official capacity
as a police officer for the City of Three

    Defendants.

_____

Jeff Nichols, **Pro Per**
**Plaintiff**
505 Aspenwald, Apt. A
Elkhart, IN  46516
(269) 535-3153

_____

## COMPLAINT

The Plaintiff Jeff Nichols for his complaint, states as follows:

### JURISDICTIONAL ALLEGATIONS

1.    The plaintiff Jeff Nichols is a resident of the State of Indiana, but he formerly lived in the City of Three Rivers, County of St. Joseph, State of Michigan.

2. The defendants were, upon information and belief, police officers for the City of Three Rivers Police Department, at all times relevant to this complaint.

3. Jurisdiction arises under 28 U.S.C. §1331 and 28 U.S.C. §1343.

4. There claims arose in part under 42 USC § 1983.

5. The events complained of occurred late on February 17, 2017 and afterwards.

6. The events complained of of were committed by the defendants under color of state law but not under a legitimate exercise of governmental authority.

.

## COMMON ALLEGATIONS

7. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 -6 of this complaint.

8. On February 17, 2017, late in the evening, Mr. Nichols was driving a rental car in the City of Three Rivers.

9. The defendant officer Britton pulled over Mr. Nichols on a traffic offense, followed quickly by the defendant Greenhalgh.

10. The two defendants held Mr. Nichols longer than necessary to process the traffic stop, despite that there was nothing suspicious about what was in Mr. Nichols 's rental car.

11. Mr. Nichols did not have illegal drugs in the car. The defendant did a pat down search of Mr. Nichols and took money, a cell phone, and other personal items from him.

12. The defendants Matthew Stark appeared later with a drug sniffing dog.

13. The defendants claimed that the dog "hit" on narcotics, but that is not possible, as there were no drugs in the car, unless the defendants planted them there.

14. Based on the alleged "hit" by the drug dog, and other false information presented to a magistrate, the defendants obtained a warrant for Mr. Nichols and his clothes.

15. The defendants transported Mr. Nichols to a hospital, where he was strip searched, and his clothes were searched.

16. The defendants didn't find any contraband on Mr. Nichols during the searches in the hospital.

17. The defendants nonetheless caused charges of possession of cocaine to be issued against him.

18. the charges were dropped late in 2017 by the prosecutor's office.

19. The defendants did not return the cash and cell phone that they had taken from Mr. Nichols.

20. As a result of the incidents referenced to above, the plaintiff has suffered and will continue to suffered financial losses, emotional distress, humiliation, embarrassment, anger, a loss of enjoyment of life, and other damages.

## COUNT I – UNCONSTITUTIONALLY LENGTHY STOP, UNCONSTITUTIONAL ARREST, AND UNCONSTITUTIONAL SEARCHES

21. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 – 20 of this complaint.

3

22. The defendants, without reasonable cause for doing so, detained Mr. Nichols during the traffic stop for a longer time than reasonable to effect it.

23. The defendants, without probable cause to do so, searched Mr. Nichols' person at the scene of the traffic stop.

24. The defendants searched Mr. Nichols car at the scene without probable cause to do so.

25. The defendants provided false information to the magistrate judge in order to obtain a search warrant for Mr. Nichol's clothes and person.

26. The defendants planted drugs in Mr. Nichol's car in order to obtain probable cause to arrest, charge and search Mr. Nichols.

27. The acts of the defendant described above violated clearly established rights he had under the Fourth Amendment and Fourteenth Amendment to the Constitution of the United States.

28. The defendants could not reasonably have believed that they had the authority to do what they had done under the Fourth and Fourteenth Amendments to the Constitution of the United States.

WHEREFORE, the plaintiffs request a judgment against the individual defendants for whatever amount is sufficient to compensate him for the injuries and damages set forth above past and future plus punitive damages, all recoverable interest, costs, attorney's fees under 42 U.S.C. §1988, and any other relief this court deems fair and just, including a declaratory judgment declaring the defendants' conduct to be unconstitutional.

## COUNT II – MALICIOUS PROSECUTION

29. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 – 28 of this complaint.

30. The defendants took the actions they did without probable cause to arrest or prosecute him because they didn't like Mr. Nichols personally, from previous interactions with him.

31. The defendants could not have believed the that their actions were within in the constitutional limitations on the excuse of their authority.

32. The defendants' actions violated clearly established constitutional law that a reasonable officer would have known.

WHEREFORE, the plaintiff requests a judgment against the defendant for whatever amount is sufficient to compensate him for his injuries and damages past and future, plus punitive damages, all recoverable interest, costs, attorney's fees and any other relief this court deems fair and just, including a declaratory judgment declaring the defendants' conduct to be unconstitutional.

Dated: 2-18-20

_Jeffrey Nichols_
Jeffrey Nichols
Plaintiff-PRO PER